# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TORION TAMAZ BYRD, <br><br> Defendant. | No. CR24-2016-LTS-MAR <br><br> **ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) in which the Honorable Mark A. Roberts, United States Magistrate Judge, recommends that I deny defendant Torion Byrd's motion (Doc. 32) to dismiss the indictment under *Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  Doc. 34.  Byrd filed timely objections.  Doc. 37.  The Government has not filed a response and the time to do so has passed.  *See* Local Criminal Rule 59.  Oral argument is not necessary.  *See* Local Rule 7(c).

## II.  BACKGROUND

On April 11, 2024, Byrd was charged by complaint (Doc. 2) with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The grand jury later returned an indictment (Doc. 21) charging Byrd with the same offense.  On July 1, 2024, Byrd filed a motion (Doc. 32) to dismiss the indictment based on *Bruen*.  On August 15, 2024, Judge Roberts filed his motion recommending that I deny Byrd's motion.  Doc. 34.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Byrd objects to the following conclusions in the R&R: (1) 18 U.S.C. § 922(g)(1) is facially constitutional; (2) 18 U.S.C. § 922(g)(1) is constitutional as applied to Byrd; and (3) 18 U.S.C. § 922(g) does not violate the commerce clause. Doc. 37 at 2. After thoroughly reviewing the filings in this case and conducting a de novo review, I agree with each of Judge Roberts' conclusions.

Beginning with Byrd's objection to Judge Roberts' conclusion that 18 U.S.C. § 922(g)(1) is facially constitutional, binding Eighth Circuit precedent is clear:

> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.

*United States v. Jackson,* 110 F.4th 1120, 1129 (8th Cir. 2024) (*Jackson II*).[1] As such, Byrd's objection on this point is overruled.

Next, Byrd contends that § 922(g)(1) is unconstitutional as applied to him because he was convicted of a felony while he was a juvenile. Doc. 37 at 5. Again, the Eighth Circuit foreclosed Byrd's argument in *Jackson II*:

> We conclude that the district court was correct that § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller,* 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626, 128 S. Ct. 2783; *see McDonald v. City of Chicago,* 561 U.S. 742, 786, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) (plurality opinion) ("We repeat those assurances here."). The decision in *Bruen,* which reaffirmed that the right is "subject to certain

---

[1] The Supreme Court vacated *United States v. Jackson,* 69 F. 4th 495 (8th Cir. 2023), for reconsideration in the light of its decision in *United States v. Rahimi,* 144 S. Ct. 1889 (2024). On August 8, 2024, the Eighth Circuit issued its opinion on remand. Doc. 34 at 8. As such, I will refer to *United States v. Jackson,* 110 F. 4th 1120 (8th Cir. 2024), as *Jackson II*.

reasonable, well-defined restrictions," 597 U.S. at 70, 142 S. Ct. 2111, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 72, 142 S. Ct. 2111 (Alito, J., concurring); *id.* at 81, 142 S. Ct. 2111 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 129, 142 S. Ct. 2111 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. *See* 144 S. Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

*Jackson II,* 110 F. 4th at 1125. Byrd's underlying felony offenses may have occurred when he was a minor, but he was convicted as an adult in the Iowa District Court for Black Hawk County. Doc. 12 at 4 ¶ 5. Further, while "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)", *Jackson II,* 110 F. 4th at 1125, I agree with Judge Roberts that Byrd's underlying violent felonies are more aggravating than the underlying, non-violent drug felonies at issue in *Jackson II*. Doc. 34 at 11. As such, Byrd's objection to the constitutionality of § 922(g)(1), as applied to him, is overruled.

Finally, Byrd argues that 18 U.S.C § 922(g) violates the Commerce Clause. Doc. 37 at 6. In addressing Byrd's arguments, Judge Roberts wrote:

> Defendant's Commerce Clause argument is foreclosed by Eighth Circuit precedent. "[I]t is well settled that Congress did not . . . exceed its authority under the Commerce Clause when enacting . . . § 922(g)[.]" *United States v. Joos,* 638 F.3d 581, 586 (8th Cir. 2011); *see* also *United States v. Hill,* 386 F.3d 855, 859 (8th Cir. 2004) ("We [have] held that § 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause" and "the enactment of § 922(g)(1) was not beyond the scope of congressional authority.") (Citation omitted).
>
> Defendant's Commerce Clause challenge based on *Lopez* is also of no avail, as the Eighth Circuit has addressed this argument directly in many cases, most recently in *United States v. Stuckey,* 255 F.3d 528 (8th Cir. 2001). In *Stuckey*, the Eighth Circuit stated, "[b]ecause § 922(g)(1) contains an express jurisdictional element that satisfies the Commerce Clause, a long line of post-*Lopez* Eighth Circuit decisions have rejected claims that the statute is unconstitutional." *Id.* at 529; *see also United States v. Bates,* 77

4

F.3d 1101, 1104 (8th Cir. 1996) ("To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists the minimal nexus that the firearm[s] have been, at some time, in interstate commerce") (quotation omitted); *United States v. Shelton,* 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) ("[S]ection 922(g) contains an interstate commerce element—that the firearms in question must have been shipped, transported, or possessed "in or affecting" interstate commerce—which in turn ensure[s], through case-by-case inquiry, that the firearm possession in question affects interstate commerce") (second alteration in original) (quotation omitted).

Here, in the Indictment, the Government alleges that the firearm found in Defendant's possession was a "firearm [that] was in and affecting commerce." (Doc. 22.) Therefore, based on the foregoing Eighth Circuit law, § 922(g)(1) satisfies the Commerce Clause. Accordingly, I recommend the district court deny the motion to dismiss.

Doc. 34 at 12-13. Based on my de novo review, I agree that Byrd's Commerce Clause challenge has no merit. As such, this objection to the R&R is overruled.

## V.  CONCLUSION

For the reasons stated herein, Byrd's objections (Doc. 37) to the Report and Recommendation (Doc. 34) are **overruled**. The Report and Recommendation (Doc. 34) is hereby **accepted** in its entirety and Byrd's motion (Doc. 32) to dismiss is **denied**.

**IT IS SO ORDERED** this 17th day of September, 2024.

_____
Leonard T. Strand
United States District Judge